UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

| | |
|---|---|
| A&E ADVENTURES LLC, a Florida limited liability company, and M&A GROUP, LLC, a Florida limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ORACLE AMERICA, INC., a Delaware Corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Oracle America, Inc. ("Oracle") hereby removes the state court action filed by Plaintiffs A&E Adventures LLC and M&A Group, LLC ("Plaintiffs"), entitled *A&E Adventures LLC and M&A Group, LLC v. Oracle America, Inc.*, Case No. 2018-4766 CA 01 (filed in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida), pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446.

**I.    BACKGROUND**

1)   On or around February 15, 2018, Plaintiffs filed, on behalf of themselves and similarly situated parties, a purported Class Action Complaint and Demand for Jury Trial ("Complaint"), against Oracle in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, styled *A&E Adventures LLC and M&A Group, LLC v. Oracle America, Inc.*, Case No. 2018-4766 CA 01 (the "State Court Action").

2)   In their Complaint, Plaintiffs allege that Oracle purposefully and knowingly engaged in a scheme to force owners of the Restaurant Enterprise Solution 3700 Point-of-Sale

1

system ("the RES 3700") to abandon that system and upgrade to Oracle's subscription-based Simphony Point-of-Sale system in violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 *et seq*. Plaintiffs request class certification pursuant to Florida Rule of Civil Procedure 1.220 on the FDUTPA cause of action. Complaint, ¶ 73. Plaintiffs also assert individual causes of action for breach of contract, tortious interference with business relationship, and declaratory judgment. Complaint, ¶ 42, 51, 58. A copy of Plaintiffs' Summons and Complaint in the State Court Action is attached hereto as **Exhibit A**. No orders have been entered in the State Court Action.

3) Oracle was served with the Summons and Complaint on March 1, 2018.

4) Apart from service of the Summons and Complaint, no further proceedings have occurred in the State Court Action.

## II. DISCUSSION

### A. Removal is proper because diversity jurisdiction exists under 28 U.S.C. §§ 1332(d) and 1441(a).

1. There is both "minimal" and "complete" diversity among the parties.

5) Plaintiffs are both Florida limited liability companies. Complaint, ¶ 2-3.

6) Plaintiff M&A Group, LLC has two members: Michael Abecassis and Kelley Abecassis. Michael Abecassis is also the sole member of Plaintiff A&E Adventures LLC. Both Michael Abecassis and Kelley Abecassis are residents of the state of Florida. The Complaint alleges that "Plaintiffs and class members all reside in Florida. . . ." Complaint, ¶ 76. All of the members of the Plaintiff limited liability companies are thus citizens of the state of Florida.

7) Therefore, for diversity jurisdiction purposes, Plaintiffs are citizens of the state of Florida. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022

(11th Cir. 2004) (holding that, for purposes of diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen).

8) Oracle is a Delaware corporation. Oracle's principal place of business is located in Redwood Shores, California. Complaint, ¶ 4.

9) Oracle is, therefore, for diversity jurisdiction purposes, a citizen of the states of Delaware and California and was at the time Plaintiffs filed the State Court Action. Further, Oracle is a citizen of the states of Delaware and California at the time of removal. *See* 28 U.S.C. § 1332(c)(1).

10) The Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), creates federal jurisdiction where the defendant establishes that "(1) any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant (known as "minimal diversity"), (2) the aggregate amount in controversy exceeds $5 million, and (3) the proposed plaintiff class contains at least 100 members." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014); *see* 28 U.S.C. § 1332(d)(2); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1202-03 (11th Cir. 2007) (referring to CAFA's diversity requirement as "minimal diversity").

11) Because Oracle is not a citizen of the state of Florida, and Plaintiffs are citizens of the state of Florida, there is "minimal diversity," thus satisfying CAFA's diversity requirement. *Id.*

12) Additionally, because each Plaintiff's citizenship is diverse from Oracle's, there is "complete diversity." *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

    2. <u>The amount in controversy and the number of class members requirements are both satisfied under the Class Action Fairness Act, 28 U.S.C. § 1332(d).</u>

13) In their Complaint, Plaintiffs state that this action is for damages in excess of Fifteen Thousand Dollars ($15,000.00). Complaint, ¶ 1.

14) Plaintiffs allege that Oracle's conduct "has resulted in tens of thousands of dollars of lost revenue [to them]." Complaint, ¶ 35.

15) In their Class Representation Allegations, Plaintiffs state that they "bring this class action on behalf of themselves and others similarly situated, as members of a class they propose be defined as follows: all consumers who (a) reside in Florida, (b) owned a RES 3700 prior to the date of this Complaint, and (c) who purchased the RES 3700 within the United States." Complaint, ¶ 71. Plaintiffs claim that "the number of proposed Class members exceeds one thousand . . . ." Complaint, ¶ 74.

16) In their Complaint, Plaintiffs included testimonials from alleged similarly situated parties. Complaint, ¶ 69. One party indicated it incurred costs of $125,000.00 per year. Complaint, ¶ 69(j). Another indicated it incurred a system cost of $20,000. Complaint, ¶ 69(l).

17) Oracle's records indicate that it had well over $5,000,000.00 in hardware and software sales relating to the RES 3700 Point of Sale System to Florida customers from fiscal year 2015 to the time of removal. This number does not include any revenue earned from associated service or support contracts, to which Plaintiffs' causes of action also relate.

18) In addition to compensatory damages, Plaintiffs also request punitive damages and attorneys' fees. Complaint, ¶ 88.

19) Attorneys' fees may be considered in determining the amount in controversy. "Because Plaintiff alleged a violation of FDUTPA in its Complaint, attorney's fees may be

calculated into the amount in controversy analysis." *Brown Heating & Air Conditioning, LLC v. Sunbelt Rentals, Inc.*, No. 15-20151-CIV, WL 12712059, at *4 (S.D. Fla. May 29, 2015) (citing *Cohen v. Office Depot, Inv.*, 204 F.3d 1069, 1079 (11th Cir. 2000)). *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) ("[A] reasonable amount of [attorneys'] fees is included in the amount in controversy."); *see also Lutz v. Protective Life Ins. Co.*, 328 F. Supp. 2d 1350, 1356 (S.D. Fla. 2004) ("It seems likely that a 'reasonable amount' would include more than just those fees induced before removal.").

20) Punitive damages may be included within the amount in controversy calculation to the extent they are recoverable. *See Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.").

21) The requisite amount in controversy for removal of an action under CAFA is therefore satisfied, because it is evident on the face of the Complaint that the aggregated amount in controversy exceeds Five Million Dollars ($5,000,000.00).

22) In *Shaver v. Ford Motor Co.*, 768 F. Supp. 2d 1235, 1236-37 (S.D. Fla. 2011), this court held that the requisite amount of controversy for removal of an action under CAFA was evident on the face of the plaintiff's complaint where plaintiff sought damages in excess of $15,000 pursuant to a FDUTPA violation and asserted the class was composed of at least 100,000 people. As in *Shaver*, it is evident on the face of the Complaint that the CAFA amount in controversy requirement is satisfied. Plaintiffs allege at least $15,000 in damages for "at least one thousand" proposed Class members, which far exceeds the $5,000,000.00 threshold required under CAFA. Adding punitive damages and a "reasonable amount of attorneys' fees" further underscores that the amount in controversy far exceeds the $5,000,000.00 CAFA requirement.

23)     This Court therefore has original jurisdiction over Plaintiffs' claims under CAFA pursuant to 28 U.S.C. § 1332(d).

24)     This Court also has supplemental jurisdiction over Plaintiffs' individual claims because they derive from the same common nucleus of operative fact as the Class claims.  28 U.S.C. § 1367(a); *see City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (citation omitted); *Wright Transp., Inc. v. Pilot Corp.*, 841 F.3d 1266, 1273 (11th Cir. 2016) (acknowledging that federal courts have supplemental jurisdiction over a plaintiff's individual claims if it has original jurisdiction over the class claims, and the claims derive from the same common nucleus of operative fact).  Where claims derive from a common nucleus of operative fact, substantial interests are served by ruling on all the claims at the same time and in the same court, and avoid the risk of producing conflicting judgments.  *See PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1312 (11th Cir. 2016).

**B.      In addition to diversity jurisdiction under CAFA, this Court has diversity jurisdiction under 28 U.S.C. § 1332(a).**

25)     Oracle is now, at the time of removal, and was, at the time Plaintiffs filed the State Court Action, a citizen of the states of Delaware and California.  Complaint, ¶ 4; *see supra* ¶¶ 8-9.

26)     Plaintiffs are citizens of the state of Florida.  Complaint, ¶ 76; *see supra* ¶¶ 5-7.

27)     Therefore, there is complete diversity between Plaintiffs and Oracle.  28 U.S.C. § 1332(a), (c); *see Caterpillar Inc.*, 519 U.S. at 68.

28)     Plaintiffs claim that this is an "action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, attorneys' fees, and costs. . . ."  Complaint, ¶ 1. Plaintiffs further allege that that Oracle's conduct "has resulted in tens of thousands of dollars of lost revenue."  Complaint, ¶ 35.

29) In addition to compensatory damages, Plaintiffs request punitive damages and attorneys' fees, which may be included in determining the amount in controversy. Complaint, ¶ 88. *See Morrison*, 228 F.3d at 1265 ("[A] reasonable amount of [attorneys'] fees is included in the amount in controversy."); *Lutz*, 328 F. Supp. 2d at 1356 ("It seems likely that a 'reasonable amount' would include more than just those fees induced before removal."); *Bell*, 320 U.S. at 240 (acknowledging punitive damages factor into the amount in controversy calculation if otherwise recoverable).

30) Aggregating the damages, the required $75,000.00 amount in controversy under 28 U.S.C. § 1332(a) is satisfied, and this court therefore has diversity jurisdiction over all of Plaintiffs' claims.

**C. Oracle has satisfied the procedural requirements for removal.**

31) Oracle was served with Plaintiffs' Complaint on March 1, 2018. Oracle filed this Notice of Removal on March 21, 2018. This Notice of Removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b)(1) ("[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .").

32) The United States District Court for the Southern District of Florida includes Miami-Dade County, Florida, where the State Court Action is now pending. Therefore, this action is properly removed to the Southern District of Florida pursuant to 28 U.S.C. § 1441(a). The Miami Division is appropriate because, as a matter of law, the location in which cases are removed to the District Court for the Southern District of Florida is the division in the district

7

that includes the county where such action is pending in state court. *See* Rule 5H, General Civil Case Filing Requirements, Southern District of Florida.

33) Pursuant to 28 U.S.C. § 1446(d), Oracle is filing written notice of this removal and a copy of the Notice of Removal with the clerk of the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida, and will serve a copy of this notice on Plaintiffs.

WHEREFORE, Defendant Oracle hereby gives notice that the above-referenced action now pending in the Circuit Court for Miami-Dade County, Florida has been removed therefrom to this Court.

Dated: March 21, 2018                                Respectfully submitted,

By: /s C. Ryan Reetz
C. Ryan Reetz (Florida Bar No. 934062)
ryan.reetz@bryancave.com
David Axelman (Florida Bar No. 90872)
david.axelman@bryancave.com
**BRYAN CAVE LLP**
200 South Biscayne Boulevard, Suite 400
Miami, FL 33131-5354
Telephone: (786) 322-7500
Facsimile: (786) 322-7501

Meryl M. Macklin *pro hac vice* forthcoming
Darci Madden, *pro hac vice* forthcoming
Alexandra C. Whitworth, *pro hac vice* forthcoming
meryl.macklin@bryancave.com
dfmadden@bryancave.com
alex.whitworth@bryancave.com

**BRYAN CAVE LLP**
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111-4070
Telephone: (415) 675-3400
Facsimile: (415) 675-3434

**Attorneys for Defendant**

USA01\11542279.6\C347519\2390465

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2018, a true and correct copy of the foregoing Notice of Removal was filed electronically with the Clerk of the Court and served on **Howard R. Behar** and **Samuel M. Sheldon**, counsel for Plaintiffs, by electronic mail to sms@beharlegal.com, hrb@beharlegal, and np@beharlegal.com, and by U.S. mail to Behar Law Firm, P.A., 17501 Biscayne Boulevard, Suite 460, Aventura, Florida, 33160.

                                          /s C. Ryan Reetz
                                          **C. Ryan Reetz**